> Finding of trial court in suit to enjoin peaceful picketing that plaintiff builder was engaged in a business affecting commerce within the meaning of the national labor management relations act is affirmed, hence, the case is controlled by *Town & Country Motors, Inc.,* v. *Local Union No. 328,* 355 Mich 26, and *Davidson* v. *Michigan State Carpenters Council,* 356 Mich 557 (29 USCA, § 160[a]).

Appeal from Ottawa; Smith (Raymond L.), J. Submitted April 15, 1959. (Docket No. 54, Calendar No. 47,990.) Decided July 13, 1959.

Bill by Bert Johnson against Grand Rapids Building and Construction Trades Council, AFL-CIO, its affiliates and various individuals, for injunction against picketing. Decree for plaintiff. Defendants appeal. Reversed and remanded for dismissal of bill.

*Walsh, Levandoski & Mitus (Leo W. Walsh,* of counsel) and *Morse & Kleiner (A. Robert Kleiner,* of counsel), for defendants.

PER CURIAM. This is an appeal from an order of the Ottawa county circuit court in chancery grant-

---

* Continued from Volume 356.

REFERENCES FOR POINTS IN HEADNOTES
31 Am Jur, Labor § 190 *et seq.*

ing plaintiff-appellee a permanent injunction restraining defendants-appellants from picketing plaintiff-appellee's building projects. There was no allegation that the picketing was other than peaceful. The facts were stipulated before the circuit judge and he found, after reviewing the stipulation, that plaintiff-appellee was engaged in a business affecting commerce within the meaning of the national labor management relations act (See 29 USCA, § 160[a]). With this finding, we agree.

This case involves the question of Federal preemption of the field of labor relations. It originates with an employer's charge of unfair labor practice against a union in an industry found to be affecting commerce. In all essential facts, the case is similar to and controlled by *Town & Country Motors, Inc., v. Local Union No. 328,* 355 Mich 26, and *Davidson v. Michigan State Carpenters Council,* 356 Mich 557 (decided June 6, 1959), and, for reasons set forth therein, must be reversed and remanded for entry of an order dismissing the bill of complaint.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.