DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE v
NEEQUAYE

Docket No. 78-3959. Submitted February 5, 1980, at Detroit.—Decided
    April 25, 1980.

Shavonne H. Neequaye was injured when her automobile was
    struck by an uninsured motorist. Neequaye also had no insur-
    ance, but she lived with her grandmother, who had an insur-
    ance policy on an automobile the grandmother owned. Nee-
    quaye filed a claim for uninsured motorist benefits with the
    insurer, Detroit Automobile Inter-Insurance Exchange. DAIIE
    claimed that there was no coverage because of an exclusion in
    the policy. The matter went to arbitration and the arbitration
    panel granted an award of benefits to Neequaye under her
    grandmother's policy. DAIIE filed a motion to vacate the award
    in Wayne Circuit Court, which was denied, Thomas Roumell, J.
    DAIIE appeals, alleging that the arbitrators made a clear error
    of law and thereby exceeded their powers. *Held:*

At the time of the arbitrators' decision there was a split of
    authority in the Court of Appeals on the validity of the exclu-
    sionary clause relied upon here by DAIIE. Therefore, there was
    no law on the matter, and under these circumstances the Court
    of Appeals cannot say that the arbitrators exceeded their power
    by making a clear error of law. In addition, the Court of
    Appeals should not substitute its view of the law for that of the
    arbitrators.

Affirmed.

1. ARBITRATION — ERROR OF LAW — SPLIT OF AUTHORITY.

An arbitration panel did not exceed its powers by disregarding
    applicable case law where, because of a split of appellate
    authority at the time of the panel's decision, there was no law
    on the subject matter.

2. ARBITRATION — APPEAL — RULING CONTRARY TO LAW.

The Court of Appeals should not substitute its view of the law for
    that of an arbitration panel; the fact that an arbitration panel

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 5 Am Jur 2d, Arbitration and Award § 167.

may have ruled contrary to law does not always mean that the panel has exceeded its powers.

*Selby, Dickinson, Pike, Mourad & Brandt* (by *Rex M. Valentine),* for plaintiff.

Before: N. J. KAUFMAN, P.J., and D. E. HOL-BROOK, JR., and R. M. MAHER, JJ.

PER CURIAM. This is an appeal from the trial court's denial of plaintiff's motion to vacate an arbitration award.

On May 6, 1971, the defendant sustained injuries when the 1966 Ford automobile she owned and operated was struck by an automobile owned and operated by an uninsured motorist. Defendant had no insurance on this 1966 Ford. At the time of the accident, defendant was living in the same household as her grandmother. During this time the grandmother held an automobile insurance policy with the plaintiff on a 1965 Ford. Defendant filed a claim for the uninsured motorist benefits with plaintiff.

On February 26, 1978, the parties appeared before the Accident Claims Tribunal of the American Arbitration Association which granted an award of $5,000 to defendant under the uninsured motorist provision of her grandmother's policy. Plaintiff then filed a motion to vacate this award on the grounds that no contract of insurance existed between defendant and DAIIE. Following a circuit court hearing plaintiff's motion to vacate was denied. From this adverse determination plaintiff appeals as of right. We affirm.

Plaintiff contends that the arbitrators exceeded their powers by disregarding applicable case law in violation of GCR 1963, 769.9(1)(c). We do not agree. At the time the arbitrators made the existing award there was a split of authority in this Court as to the validity of exclusionary clauses

such as found here. *Rice v Detroit Automobile Inter-Insurance Exchange,* 66 Mich App 600; 239 NW2d 675 (1976), *Priestly v Secretary of State,* 67 Mich App 96; 240 NW2d 282 (1976), and *Nunley v Turner,* 57 Mich App 473; 226 NW2d 528 (1975), found such an exclusion to be valid. *Hickman v Community Service Ins Co,* 78 Mich App 1; 259 NW2d 367 (1977), *Bradley v Mid-Century Ins Co,* 78 Mich App 67; 259 NW2d 378 (1977), and *Ellis v State Farm Ins Co,* 78 Mich App 189; 259 NW2d 421 (1977), *lv gtd* in all three cases, 402 Mich 950r (1978), held the contrary. Under these circumstances we cannot say that the arbitrators exceeded their power by making a clear error of law. There simply was no law. It therefore makes little difference which line of cases we follow, those which hold the exclusion clause valid or those which hold it invalid.

Moreover, even if we were convinced that the arbitrators' view of the law was erroneous, it is not for us to substitute our view of the law for theirs. When the parties agree to submit disputes to arbitration, they agree to accept the arbitrators' views of the facts and law. If it were otherwise, arbitration decisions would signal the beginning of litigation, rather than avoidance of litigation. The fact that an arbitration panel may have ruled contrary to law does not always mean that they have exceeded their powers. *Chippewa Valley Schools v Hill,* 62 Mich App 116; 233 NW2d 208 (1975), *lv den* 395 Mich 806 (1975), *Detroit Automobile Inter-Insurance Exchange v Ayvazian,* 62 Mich App 94; 233 NW2d 200 (1975). The arbitrators did not exceed their authority and it was proper for the trial court to rule as it did.

Having ruled as we have, further discussion of plaintiff's remaining allegations of error is rendered unnecessary.

Affirmed.