## CAPLAN v DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE

Docket No. 43456. Submitted May 19, 1980, at Detroit.—Decided October 27, 1980.

Walter C. Caplan was injured when his vehicle was struck by a vehicle driven by an uninsured motorist. He made a claim with his no-fault insurer, Detroit Automobile Inter-Insurance Exchange, for noneconomic loss benefits under his uninsured motorist coverage. Pursuant to the insurance policy, the matter was referred to arbitration. The arbitration panel held that Caplan was obligated to show a serious impairment of body function in order to qualify for noneconomic benefits, and that he had failed to do so. Caplan appealed to the Wayne Circuit Court by way of a motion to vacate the arbitration award and also moved for summary judgment. Defendant DAIIE moved for and was granted accelerated judgment, and Caplan's motion for summary judgment was denied, Thomas J. Brennan, J. Caplan appeals. *Held:*

The statutory threshold of serious impairment of body function must be met by an insured in order to qualify for noneconomic loss benefits under a no-fault automobile insurance policy where the injury was caused by an uninsured motorist. The determination of the severity of the injury is a question of fact and was, therefore, properly decided by the arbitrators.

Affirmed.

1. INSURANCE — NO-FAULT INSURANCE — AUTOMOBILES — UNINSURED MOTORISTS — NONECONOMIC LOSS — STATUTES.

An insured who is injured by an uninsured motorist may collect benefits for noneconomic loss from his automobile insurer only where he has met the threshold requirements of death, serious impairment of body function or permanent serious disfigurement (MCL 500.3135; MSA 24.13135).

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d (Rev), Automobile Insurance § 357 *et seq.*
[2] 7 Am Jur 2d (Rev), Automobile Insurance §§ 349, 358.

2. NEGLIGENCE — SEVERITY OF INJURIES — QUESTION OF FACT.
   The determination of the severity of injuries suffered by a party is a question of fact.

*Harry D. Hirsch, Jr.* (by *Roy R. Winn*), for plaintiff.

*Dickinson, Pike, Mourad, Brandt & Hanlon* (by *Sarah Wildgen Sweet*) *(Gromek, Bendure & Thomas*, of counsel), for defendant.

Before: D. E. HOLBROOK, JR., P.J., and V. J. BRENNAN and S. EVERETT,* JJ.

PER CURIAM. The plaintiff in this case was involved in an automobile accident. His vehicle was struck by a car driven by an uninsured motorist. Plaintiff's economic loss had been paid under his personal protection insurance coverage. He made a claim with defendant insurer for noneconomic damages under the uninsured motorist coverage of his policy. The matter was referred to arbitration as provided for under the policy.

The defendant stipulated to the negligence of the uninsured motorist. Attorneys for the respective parties argued the necessity of meeting the statutory threshold of serious impairment of body function in order to recover for damages sustained by the plaintiff. The three-man arbitration panel, in a two-to-one decision, found no cause of action. It was clear that this decision could only be based on a holding that the plaintiff was obligated to show a serious impairment of body function.

Plaintiff filed an appeal in Wayne County Circuit Court. This claim was considered to be a motion to vacate the arbitration award. Defendant therein filed a motion for accelerated judgment and the plaintiff a motion for summary judgment;

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the issue thus presented to the court was whether the threshold of serious impairment of body function was required to be met where injuries accrued through the negligence of an uninsured motorist. The trial court held that it was.

MCL 500.3135; MSA 24.13135 reads as follows:

"(1) A person remains subject to tort liability for noneconomic loss caused by his ownership, maintenance or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function or permanent serious disfigurement.

"(2) Notwithstanding any other provision of law, tort liability arising from the ownership, maintenance or use within this state of a motor vehicle with respect to which the security required by subsections (3) and (4) of section 3101 was in effect is abolished except as to:

"(a) Intentionally caused harm to persons or property. Even though a person knows that harm to persons or property is substantially certain to be caused by his act or omission, he does not cause or suffer such harm intentionally if he acts or refrains from acting for the purpose of averting injury to any person, including himself, or for the purpose of averting damage to tangible property.

"(b) Damages for noneconomic loss as provided and limited in subsection (1).

"(c) Damages for allowable expenses, work loss and survivor's loss as defined in sections 3107 to 3110 in excess of the daily, monthly and 3 year limitations contained in those sections. The party liable for damages is entitled to an exemption reducing his liability by the amount of taxes that would have been payable on account of income the injured person would have received if he had not been injured."

At that time in the arbitration proceedings, the issue had not been clearly determined, but subsequently in *Bradley v Mid-Century Ins Co,* 409

Mich 1, 62-63; 294 NW2d 141 (1980), the Court held as follows:

"Under the no-fault motor vehicle liability act an insured may collect from his insurer for work loss and medical expenses without regard to fault. He may sue the negligent tortfeasor for excess economic loss and, if the threshold of injury is met, for noneconomic loss. The statute requires that motorists carry residual liability insurance in addition to no-fault insurance to provide a source of recovery to persons severely injured as a result of driver negligence. If a motorist is uninsured he may be sued for all economic loss as well as above-threshold non-economic loss."

It is clear, therefore, that the arbitration decision was correct. As pointed out by the trial court, the determination of the severity of the injuries is a fact question to be decided by the finder of fact. *McKendrick v Petrucci,* 71 Mich App 200; 247 NW2d 349 (1976).

The trial court's denial of plaintiff's motion for summary judgment and its grant of defendant's motion for accelerated judgment are affirmed.