JONES v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 63067. Submitted December 20, 1982, at Detroit.—Decided
March 21, 1982. Leave to appeal applied for.

Plaintiff, Bobbie Jean Jones, was a passenger in an automobile
driven by Joe Chavies, who had a no-fault insurance policy
with defendant, Detroit Automobile Inter-Insurance Exchange,
when the automobile was struck by a hit-and-run driver. Under
the policy, a hit-and-run driver was treated as an uninsured
motorist. Plaintiff filed a claim with defendant for recovery of
noneconomic loss under the uninsured motorist provision. Pur-
suant to the terms of the policy, the claim was submitted to
arbitration. The arbitration panel found coverage but denied
recovery because there was no showing of serious impairment
of body function. Plaintiff moved the Wayne Circuit Court to
vacate the award. The court, Harry J. Dingeman, Jr., J., denied
the motion. Plaintiff appealed. *Held:*

1. An uninsured motorist is outside the basic no-fault system
of allocating costs of accidents and remains subject to tort
liability. Therefore a plaintiff need not prove death, serious
impairment of body function, or permanent serious disfigure-
ment to recover from an uninsured motorist for noneconomic
loss.

2. Reversal is required in an arbitration case pursuant to an
automobile insurance policy where an error of law so material
as to have governed the award has been made and but for the
error the award would have been substantially otherwise.

Award vacated and remanded to the arbitration panel.

J. M. GRAVES, J., concurred in result only.

1. AUTOMOBILES — NO-FAULT INSURANCE — TORTS — UNINSURED
    MOTORISTS — NONECONOMIC LOSS.

An uninsured motorist is outside the basic no-fault system of
allocating costs of accidents and remains subject to tort liabil-
ity; therefore a plaintiff need not prove death, serious impair-

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Automobile Insurance §§ 293, 298, 348 *et seq.*
[2] 4 Am Jur 2d, Appeal and Error §§ 156-158.

ment of body function, or permanent serious disfigurement to recover from an uninsured motorist for noneconomic loss (MCL 500.3135; MSA 24.13135).

2. ARBITRATION — APPEAL — ERROR OF LAW — AUTOMOBILES — INSURANCE.

Reversal is required in an arbitration case pursuant to an automobile insurance policy where an error of law so material as to have governed the award has been made and but for the error the award would have been substantially otherwise.

*Simon, Fried & Saperstein, P.C.* (by *Melvyn D. Saperstein*), for plaintiff.

*Dickinson, Mourad, Brandt, Hanlon & Becker* (by *Clifford W. Schiesel*), for defendant.

Before: V. J. BRENNAN, P.J., and M. J. KELLY and J. M. GRAVES,* JJ.

M. J. KELLY, J. Plaintiff applied to Wayne County Circuit Court to vacate an arbitration award. After hearing arguments, the court denied plaintiff's application, stating that "the fact that the relief was such that it could not or would not be granted by a court of law or equity is not grounds for vacating or refusing to confirm the order". Plaintiff appeals as of right.

Plaintiff was passenger in an automobile driven by Joe Chavies which was struck from behind by an unknown vehicle. Chavies was insured by defendant. Plaintiff filed a claim under the uninsured motorist provision of Chavies' policy with defendant, which policy stated in pertinent part:

"Uninsured Motorists Coverage
"To Pay:
"Part (1) Bodily Injury
"All sums which the insured shall be legally entitled

* Circuit judge, sitting on the Court of Appeals by assignment.

to recover as damages, including damages for care and loss of services, from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile."

For purposes of the policy, a hit-and-run driver is treated as an uninsured motorist.

Pursuant to the policy of insurance, plaintiff's claim was submitted to a panel of arbitrators. A hearing was held on November 3, 1981. The arbitration panel subsequently issued the following award:

"By unanimous decision, there was coverage, by majority decision there was no showing of serious impairment of body function; wherefore we award as follows: The claim of Bobbie Jean Jones against Detroit Automobile Inter-Insurance Exchange is hereby denied."

Plaintiff appeals the trial court's denial of her application to vacate this award. Plaintiff argues that the arbitrators exceeded their powers under GCR 1963, 769.9(1)(c), by requiring plaintiff to make a threshold showing of a serious impairment of a body function, under MCL 500.3135(1); MSA 24.13135(1), in order to recover for noneconomic loss caused by an uninsured motorist.

Under the no-fault system, a person remains subject to tort liability for nonintentional torts causing noneconomic loss only if the injured person has suffered "death, serious impairment of body function, or permanent serious disfigurement". MCL 500.3135(1); MSA 24.13135(1). Otherwise, tort liability has been abolished. MCL 500.3135(2); MSA 24.13135(2). This abolition of tort liability, however, does not extend to all individu-

als using vehicles. Rather, tort liability arising out of the ownership, maintenance, or use of a vehicle is abolished only if the required no-fault insurance or other security has been obtained. *Citizens Ins Co of America v Tuttle,* 411 Mich 536, 546; 309 NW2d 174 (1981). The uninsured motorist is outside the basic no-fault system of allocating the costs of accidents and remains, therefore, subject to tort liability. *Tuttle, supra,* p 547.

Subsection (1) of MCL 500.3135; MSA 24.13135 serves only as an exception to the general abolition of tort liability in subsection (2). *Tuttle, supra,* p 548. It is not meant to abolish tort liability in whole or in part for those outside of the no-fault act. To recover against an uninsured motorist for noneconomic loss, a plaintiff does not have to meet the "serious impairment" threshold of MCL 500.3135(1); MSA 24.13135(1).

The vehicle plaintiff was a passenger in was struck by a hit-and-run motorist. Under the driver's insurance policy, such a motorist is treated as an uninsured motorist. The policy provides that it will pay all sums which the insured was legally entitled to recover from an uninsured motorist. Since plaintiff would not have to make a showing of serious impairment of a body function to recover against an uninsured motorist, the arbitrators made an error of law in requiring plaintiff to make such a showing before she could recover under the insurance policy.

The arbitrators found that plaintiff's injury was covered under the insurance policy but denied any award because there was no showing of serious impairment. Until December 23, 1982, we probably would have abstained from judicial intervention. We would have decided whether the arbitrators had been guilty of manifest disregard of the law

and if not would have affirmed.[1] It appears therefore that but for this error of law an award of money damages in favor of plaintiff would have been made, or certainly at least would not have been foreclosed. In an arbitration case pursuant to an automobile insurance policy, when an error of law so material as to have governed the award has been made and but for such an error the award would have been substantially otherwise, reversal is required. *Detroit Automobile Inter-Ins Exchange v Gavin,* 416 Mich 407; 331 NW2d 418 (1982).[2]

The arbitration award is vacated pursuant to GCR 1963, 769.9(1)(c) and 820.1(7), and the matter is remanded for a rehearing before the arbitrators who made the award or their successors.

[1] At a time when our judicial systems, both state and federal, are overburdened to the point of breakdown, arbitration proceedings arising out of literally millions of auto insurance policies in this state will now be subject to judicial review where an aggrieved party claims that an error of law has been made.

[2] It would appear that, although the United States Supreme Court is encouraging arbitration to relieve the overburdened courts, the Michigan Supreme Court steps to a different drummer. *Cf.* Chief Justice Warren Burger's address to the American Bar Association (1982), "Isn't There a Better Way?" After citing caseload increases he said:

"Against this background I focus today on arbitration not as the answer or cure-all for the mushrooming case loads of the courts, but as one example of a better way to do it."