STEPHENSON v ASSOCIATED GENERAL INSURANCE
COMPANY

Docket No. 78649. Submitted August 6, 1985, at Lansing.—Decided
December 17, 1985.

Sylvia Stephenson suffered soft tissue injuries when her vehicle
was struck by an uninsured motorist. Mrs. Stephenson and her
husband, William Stephenson, filed a claim for benefits under
the uninsured motorist coverage of the no-fault insurance
policy issued by Associated General Insurance Company on
their automobile which provided that the insurer would pay all
sums the insured was legally entitled to recover as damages
from an uninsured motorist because of bodily injury. Associated
General denied the claim. The Stephensons instituted arbitra-
tion proceedings pursuant to the provisions of the policy. The
arbitrator, while finding that Mrs. Stephenson had suffered
noneconomic losses of $8,000 as a result of the injuries arising
out of the accident, held that the Stephensons were precluded
from recovering under the uninsured motorist coverage since
they had not shown that Mrs. Stephenson had suffered a
threshold injury. Accordingly, since they had not shown that
they had a legally enforceable claim against the uninsured
motorist, they were not entitled to benefits under the uninsured
motorist coverage. The Stephensons filed a motion in Genesee
Circuit Court seeking to modify or vacate the arbitration award
on the basis that they did not have to show a threshold injury
before becoming entitled to recover for noneconomic losses
under their uninsured motorist coverage. The circuit court,
Earl E. Borradaile, J., denied the motion to modify or vacate
and affirmed the arbitrator's award, holding that the arbitrator
properly applied the law. The Stephensons appealed. *Held:*

1. Since an uninsured motorist is outside the basic no-fault

REFERENCES

Am Jur 2d, Appeal and Error §§ 156-158.

Am Jur 2d, Arbitration and Award § 145.

Am Jur 2d, Automobile Insurance §§ 340 *et seq.*

What constitutes sufficiently serious personal injury, disability,
impairment, or the like to justify recovery of damages outside of
no-fault automobile insurance coverage. 33 ALR4th 767

Appealability of judgment confirming or setting aside arbitration
award. 7 ALR3d 608.

system of allocating costs of accidents, the uninsured motorist remains subject to tort liability. Accordingly, a person injured in an automobile accident with an uninsured motorist need not prove death, serious impairment of bodily function or permanent disfigurement in order to recover from an uninsured motorist for noneconomic loss.

2. It was an error of law for the arbitrator to deny recovery under the uninsured motorist coverage on the basis of the failure to establish a threshold injury. Since that error of law was so material as to have governed the award and, but for that error, the award would have been substantially otherwise, it was necessary to reverse the arbitrator's denial of an award and to order entry of an award in favor of Sylvia Stephenson in the amount of $8,000, the amount the arbitrator found to be Mrs. Stephenson's noneconomic losses.

Reversed.

D. E. HOLBROOK, JR., J., dissented. He would hold that recovery of noneconomic losses from an uninsured motorist, as with an insured motorist, requires a showing of a threshold injury. He would hold that the arbitrator did not make a serious error of law in denying the award. He would affirm.

### OPINION OF THE COURT

1. AUTOMOBILES — NO-FAULT INSURANCE — TORTS — UNINSURED MOTORISTS — NONECONOMIC LOSS.

An uninsured motorist is outside the basic no-fault system of allocating costs of accidents and remains subject to tort liability; therefore, a plaintiff need not prove death, serious impairment of body function, or permanent serious disfigurement to recover from an uninsured motorist for noneconomic loss (MCL 500.3135; MSA 24.13135).

2. ARBITRATION — APPEAL — ERROR OF LAW — AUTOMOBILES — INSURANCE.

Reversal is required in an arbitration case pursuant to an automobile insurance policy where an error of law so material as to have governed the award was made and, but for the error, the award would have been substantially otherwise.

### DISSENT BY D. E. HOLBROOK, JR., J.

3. INSURANCE — NO-FAULT INSURANCE — UNINSURED MOTORISTS — NONECONOMIC LOSS.

*An insured who is injured by an uninsured motorist may collect benefits for noneconomic loss from his automobile insurer only where he has met the threshold requirements of death, serious*

*impairment of body function or permanent serious disfigurement (MCL 500.3135; MSA 24.13135).*

*Collins, Stecco & Wascha* (by *Richard F. McNally, Jr.*), for plaintiff.

*Neal & Lenguaer* (by *Stephanie A. Nelson*), for defendant.

Before: HOOD, P.J., and D. E. HOLBROOK, JR. and D. P. KERWIN,* JJ.

PER CURIAM. While plaintiff Sylvia Stephenson was a driver of a van stopped at an intersection for a red light, she was struck from behind by an uninsured motorist. Mrs. Stephenson suffered and was treated for soft tissue injuries.

Sylvia Stephenson and her husband, William Stephenson, were insured with defendant, Associated General Insurance Company, under a no-fault automobile insurance policy which contained the following language in the uninsured motorist coverage clause:

"to pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury".

The Stephensons filed a claim under the foregoing clause, which defendant denied. The Stephensons then instituted arbitration proceedings in conformity with the terms of the policy.

Pursuant to a hearing, the arbitrator found that plaintiffs had failed to establish a threshold injury to Mrs. Stephenson and were therefore precluded from recovering damages under the uninsured

---

* Recorder's court judge, sitting on the Court of Appeals by assignment.

motorist coverage clause. The arbitrator explained that except for the requirement of a "threshold showing" he would have awarded plaintiff Sylvia Stephenson the sum of $8,000 and plaintiff William Stephenson nothing.

Plaintiffs then filed a motion in circuit court to vacate or modify the arbitration award. The plaintiffs did not dispute that they had not established a threshold injury. Rather, their position was that they need not show a threshold injury to Mrs. Stephenson in order to recover under the uninsured motorist provisions of their policy. The trial court affirmed the arbitrator's award, finding that the arbitrator properly construed the present law in deciding the issue.

Plaintiffs filed a motion for rehearing which was denied. Plaintiffs appeal as of right.

The issue in this case, whether an insured who is injured by an uninsured motorist must establish a threshold injury in order to recover damages for noneconomic loss from his automobile insurer, is not of first impression in this Court. When first addressed in *Caplan v DAIIE,* 102 Mich App 354; 301 NW2d 471 (1980), a panel of this Court relied upon the following language in *Bradley v Mid-Century Ins Co,* 409 Mich 1, 61-62; 294 NW2d 141 (1980), in determining that a plaintiff must show a threshold injury in order to claim noneconomic damages under the uninsured motorist coverage of a no-fault policy:

"Under the no-fault motor vehicle liability act an insured may collect from his insurer for work loss and medical expenses without regard to fault. He may sue the negligent tortfeasor for excess economic loss and, if the threshold of injury is met, for non-economic loss. The statute requires that motorists carry residual liability insurance in addition to no-fault insurance to provide a source of recovery to persons severely injured as

a result of driver negligence. If a motorist is uninsured he may be sued for all economic loss as well as above-threshold non-economic loss." (Footnotes omitted.)

When addressed a second time by a different panel of this Court, no reference was made to either the *Bradley* or *Caplan* decisions. *Jones v DAIIE,* 124 Mich App 363; 335 NW2d 39 (1983), *lv den* 418 Mich 878 (1983). Rather, the *Jones* Court focused on the Supreme Court's decision in *Citizen's Ins Co of America v Tuttle,* 411 Mich 536, 546; 309 NW2d 174 (1981), in arriving at a conclusion completely opposite to the conclusion reached in *Caplan, supra:*

"Under the no-fault system, a person remains subject to tort liability for nonintentional torts causing noneconomic loss only if the injured person has suffered 'death, serious impairment of body function, or permanent serious disfigurement'. MCL 500.3135(1); MSA 24.13135(1). Otherwise, tort liability has been abolished. MCL 500.3135(2); MSA 24.13135(2). This abolition of tort liability, however, does not extend to all individuals using vehicles. Rather, tort liability arising out of the ownership, maintenance, or use of a vehicle is abolished only if the required no-fault insurance or other security has been obtained. *Citizens Ins Co of America v Tuttle,* 411 Mich 536, 546; 309 NW2d 174 (1981). The uninsured motorist is outside the basic no-fault system of allocating the costs of accidents and remains, therefore, subject to tort liability. *Tuttle, supra,* p 547.

"Subsection (1) of MCL 500.3135; MSA 24.13135 serves only as an exception to the general abolition of tort liability in subsection (2). *Tuttle, supra,* p 548. It is not meant to abolish tort liability in whole or in part for those outside of the no-fault act. To recover against an uninsured motorist for noneconomic loss, a plaintiff does not have to meet the 'serious impairment' threshold of MCL 500.3135(1); MSA 24.13135(1)." 124 Mich App 365-366.

To resolve the issue at bar, this panel must

either resolve the conflict presented by *Caplan* and *Jones* or choose sides. We find the conflict irreconcilable but conclude that *Jones* is the better reasoned opinion.

Initially we note that the apparent conflict does not stem from the reliance on two different Supreme Court decisions because those decisions are not incongruous. Both decisions concluded that the Legislature, in promulgating the no-fault insurance act, intended to retain tort liability of uninsured motorists. Compare *Tuttle, supra,* p 551, and *Bradley, supra,* p 62. However, neither decision of the Supreme Court directly addressed the present issue. The conflict thus appears to be the result of divergent extrapolations of a single premise under the no-fault insurance act: that tort liability for other than above-threshold injury is abolished only if the required no-fault insurance or other security has been obtained. MCL 500.3135; MSA 24.13135.

Upon reviewing the language of the no-fault insurance act, we find the logic utilized in *Jones* most persuasive. The threshold requirement serves only as an exception to the general abolition of tort liability under the act. The exception abolishes tort liability neither in whole nor in part for those outside the no-fault insurance act. Because the uninsured motorist is outside the no-fault scheme of allocating the costs of accidents, he or she remains subject to tort liability. The conclusion is thus inescapable that the threshold requirements in MCL 500.3135(1); MSA 24.13135(1) are inapplicable to suits against uninsured motorists for noneconomic loss.

Therefore, we find that the arbitrator erred in precluding plaintiff Sylvia Stephenson from recovering damages under the uninsured motorist clause of her no-fault policy on the basis that she did not meet the threshold requirements of the no-

fault act. Moreover, we find that, but for this error, the award would have been substantially otherwise. *DAIIE v Gavin,* 416 Mich 407; 331 NW2d 418 (1982).

We direct that an order be entered modifying the arbitration award to reflect the sum of $8,000 in favor of plaintiff Sylvia Stephenson against defendant. We retain no further jurisdiction.

Reversed.

D. E. HOLBROOK, JR., J. *(dissenting).* I disagree with the majority inasmuch as I believe that the conflict on our Court stems from reliance on two different Supreme Court decisions. In *Bradley v Mid-Century Ins Co,* 409 Mich 1, 62; 294 NW2d 141 (1980), the Supreme Court said:

"If a motorist is uninsured he may be sued for all economic loss as well as above-threshold non-economic loss."

This implies that noneconomic losses must meet the threshold requirements before recovery can be had against an uninsured motorist.

While in *Citizens Ins Co of America v Tuttle,* 411 Mich 536, 547; 309 NW2d 174 (1981), the Court said that:

"The non-motorist tortfeasor is the equivalent of the uninsured motorist and should be treated similarly. Both are outside the basic no-fault system of allocating the costs of accidents and both remain subject to tort liability."

This implies that the uninsured motorist is simply outside the no-fault system and thus any noneconomic loss may be recovered from an uninsured motorist, subject of course to standard tort liability.

I recognize that the precise question that is before us in the instant case was not directly addressed by the Supreme Court. Thus, the question of whether noneconomic losses are subject to the threshold requirements is still open to interpretation.

After a careful review, I respectfully dissent. As either interpretation has support and the Supreme Court has not yet ruled, I see no reason to depart from my opinion expressed in *Caplan v DAIIE,* 102 Mich App 354; 301 NW2d 471 (1980), which follows the implications of *Bradley, supra.*