## HOLLEY v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 89372. Submitted January 7, 1987, at Grand Rapids. Decided July 6, 1987.

Beatrice Holley, individually and as conservator of the estates of Alneia Rounds and Marieo Crouthers, minors, brought an action in the Wayne Circuit Court against Auto Club Insurance Association. The facts indicate that the plaintiff, Rounds and Crouthers were injured by an uninsured motorist in an automobile accident. Plaintiff filed a claim under the uninsured motorist clause of her insurance policy with defendant. An arbitration hearing was held and the panel denied claimants compensation for noneconomic loss because they failed to meet the no-fault threshold of serious impairment of body function. The circuit court, Marianne O. Battani, J., thereafter denied plaintiff's motion to vacate or modify the arbitration award. Plaintiff appeals.

The Court of Appeals *held:*

Since there is presently conflicting authority in the Court of Appeals on the issue of whether the plaintiff was required to make a threshold showing of a serious impairment of a body function in order to recover for noneconomic loss caused by an uninsured motorist, the Court of Appeals determined that it could not conclude that the arbitrators reached a wrong conclusion in requiring the claimants to make a threshold showing of serious impairment of a body function.

Affirmed.

APPEAL — ARBITRATION AWARDS.

An appellate court has the power to set aside an arbitration award where the arbitrators through an error in law have been led to a wrong conclusion and where, but for such error, a substantially different award would have been made.

REFERENCES ·

Am Jur 2d, Appeal and Error §§ 156, 158.

Am Jur 2d, Arbitration and Award § 145.

Appealability of judgment confirming or setting aside arbitration award. 7 ALR3d 608.

*Gittleman, Paskel, Tashman & Blumberg, P.C.* (by *Burt E. Salinger*), for plaintiff.

*Dickinson, Brandt, Hanlon, Becker & Lanctot* (by *Richard Haskins*), for defendant.

Before: MACKENZIE, P.J., and WEAVER, and J. E. ROBERTS,* JJ.

PER CURIAM. Plaintiff, individually and as conservator of the estates of Alneia Rounds and Marieo Crouthers, minors, appeals as of right from a circuit court order denying her motion to vacate or modify an arbitration award.

Plaintiff, Rounds and Crouthers (collectively referred to as claimants) were injured by an uninsured motorist in an automobile accident on February 2, 1984. They filed a claim under the uninsured motorist clause of plaintiff's insurance policy with defendant. An arbitration hearing was held on May 24, 1985. A split arbitration panel denied claimants compensation for noneconomic loss, MCL 500.3135; MSA 24.13135, because they failed to meet the threshold of serious impairment of body function. The circuit court refused to vacate the arbitration decision.

Plaintiff argues that the arbitrators exceeded their powers by requiring claimants to make a threshold showing of a serious impairment of a body function, under MCL 500.3135(1); MSA 24.13135(1), in order to recover for noneconomic loss caused by an uninsured motorist. Plaintiff argues that the award should have been vacated pursuant to GCR 1963, 769.9(1)(c). There is presently a split of authority on this issue in this Court. Compare *Caplan v DAIIE,* 102 Mich App

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

354; 301 NW2d 471 (1980) (insured must make threshold showing of a serious impairment of a body function to recover for noneconomic loss under uninsured motorist insurance provision), with *Jones v DAIIE,* 124 Mich App 363; 335 NW2d 39 (1982), lv den 418 Mich 878 (1983), and *Stephenson v Associated General Ins Co,* 148 Mich App 1; 384 NW2d 62 (1985), consideration of conflict declined 424 Mich 1206 (1986) (D. E. HOLBROOK, JR., J., dissenting) (insured need not prove serious impairment to recover for noneconomic loss under uninsured motorist insurance).

In *DAIIE v Gavin,* 416 Mich 407, 443; 331 NW2d 418 (1982), the Supreme Court held that an appellate court has the power to set aside an arbitration award if "[t]he arbitrators through an error in law have been led to a wrong conclusion, and that, but for such error, a substantially different award must have been made." Since there is presently conflicting authority in this Court on the issue presented to the arbitrators, we cannot conclude that the arbitrators reached a wrong conclusion in requiring claimants to make a threshold showing of serious impairment of a body function. See *DAIIE v Neequaye,* 99 Mich App 187; 297 NW2d 602 (1980).

Affirmed.