AUTO CLUB INSURANCE ASSOCIATION v MACK

Docket No. 99239. Submitted April 20, 1988, at Detroit. Decided June 22, 1988. Application for leave to appeal dismissed.

An uninsured vehicle struck a vehicle operated by defendant, Donald Mack, which was insured by plaintiff, Auto Club Insurance Association. Defendant filed a claim with plaintiff and an arbitration hearing was held pursuant to the insurance contract. The panel awarded defendant $4,200. Plaintiff then sought to vacate the arbitration award in the Wayne Circuit Court. The court, Thomas J. Foley, J., granted defendant's motion for summary disposition and entered a judgment for $4,200. Plaintiff appealed alleging that the court erred in holding that a motorist need not show a threshold injury in order to claim noneconomic damages under the uninsured motorist coverage of a no-fault policy.

The Court of Appeals *held:*

An insured who is injured by an uninsured motorist need not establish a threshold injury to recover damages for noneconomic losses from his automobile insurer.

Affirmed.

Insurance — No-Fault — Torts — Uninsured Motorists — Noneconomic Loss.

An insured motorist who is injured by an uninsured motorist need not establish a threshold injury to recover damages for noneconomic losses from his insurer (MCL 500.3135[1]; MSA 24.13135[1]).

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Martin & Schoolmaster* (by *Richard D. Haskins*), for plaintiff.

*Gerald H. Acker, P.C.* (by *Gerald H. Acker*), for defendant.

References

Am Jur 2d, Automobile Insurance §§ 357 *et seq.*

See the Index to Annotations under Automobile Insurerance; No-Fault Insurance; Pain and Suffering.

Before: CYNAR, P.J., and GRIBBS and T. GILLES-
PIE,* JJ.

PER CURIAM. Plaintiff appeals as of right from a
Wayne Circuit Court order granting defendant's
motion for summary disposition as to plaintiff's
action to vacate an arbitration award. We affirm.

This case arises out of an automobile accident
involving three vehicles. The first vehicle ran a
stop sign and struck an uninsured vehicle in the
side. The uninsured vehicle then struck the vehi-
cle operated by defendant.

Defendant was insured by plaintiff, Auto Club
Insurance Association. Defendant filed a claim
with plaintiff and an arbitration hearing was held
pursuant to the provisions of the parties' insur-
ance agreement. A split arbitration panel awarded
defendant $4,200 without explanation. The circuit
court refused to vacate the arbitration decision.

There is presently a conflict among the decisions
from this Court as to whether an insured who is
injured by an uninsured motorist must establish a
threshold injury to recover damages for noneco-
nomic losses from his automobile insurer. In
*Caplan v DAIIE,* 102 Mich App 354; 301 NW2d 471
(1980), a panel of this Court, relying on *Bradley v
Mid-Century Ins Co,* 409 Mich 1; 294 NW2d 141
(1980), determined that a plaintiff must show a
threshold injury in order to claim noneconomic
damages under the uninsured motorist coverage of
a no-fault policy. In *Jones v DAIIE,* 124 Mich App
363; 335 NW2d 39 (1982), lv den 418 Mich 878
(1983), another panel of this Court, focusing on the
decision in *Citizens Ins Co of America v Tuttle,*
411 Mich 536; 309 NW2d 174 (1981), determined
that a motorist need not show a threshold injury
to claim noneconomic damages. See also *Stephen-*

* Circuit judge, sitting on the Court of Appeals by assignment.

*son v Associated General Ins Co,* 148 Mich App 1; 384 NW2d 62 (1985), consideration of conflict denied 424 Mich 1206 (1986). This conflict has not been resolved.

In this case, the trial court determined, and we agree, that the arbitrators' decision was premised on the *Jones* and *Stephenson* holdings that an insured motorist need not show a threshold injury to claim noneconomic damages. We agree that this represents the better rule and affirm for the reasons stated in *Stephenson:*

> The threshold requirement serves only as an exception to the general abolition of tort liability under the act. The exception abolishes tort liability neither in whole nor in part for those outside the no-fault insurance act. Because the uninsured motorist is outside the no-fault scheme of allocating the costs of accidents, he or she remains subject to tort liability. The conclusion is thus inescapable that the threshold requirements in MCL 500.3135(1); MSA 24.13135(1) are inapplicable to suits against uninsured motorists for noneconomic loss. [*Stephenson,* 148 Mich App 6.]

Affirmed.